UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUSIAIANA
SHREVEPORT DIVISION

| UNITED STATES OF AMERICA | CRIMINAL NO. 5:10-CR-00168-01 |
|---|---|
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JOSEPH MATHEW EVANS | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is Defendant's motion to remove the detainer placed on him by the United States Marshals Service. [Record Document 140]. For the reasons that follow, the motion is **DENIED**.

Defendant entered federal custody after being arrested on February 28, 2018 for violating the terms of his supervised release. [Record Document 125]. On May 1, 2018, Defendant was sentenced in state court to two eight-year terms of imprisonment to run concurrently with each other; the state court judge also requested that the state court terms run concurrent with any federal sentence. [Record Document 137-1 at 3, 5]. Defendant's state offenses constituted the violations of his federal supervised release. [Record Documents 136 and 137]. On June 26, 2018, this Court sentenced Defendant to a term of imprisonment of two years for those violations. [Record Document 138]. At sentencing, this Court ordered that Defendant's sentence run concurrent with the two state-court sentences. [*Id.* at 2]. Because Defendant has been sentenced by both the state of Louisiana and the United States but began his state-court sentence before his federal sentence was imposed, the United States Marshals

Service placed a detainer on him. This detainer will expire at the conclusion of Defendant's federal sentence. [Record Document 140-1 at 1].

Defendant now moves the Court to lift the federal detainer. [Record Document 140]. Based on this Court's order that his federal sentence run concurrently to his state sentence, Defendant asserts that his detainer should be lifted in October 2019. [*Id.* at 1]. This argument reflects an incorrect understanding of how concurrent sentences operate. If Defendant is released from state custody prior to the expiration of his federal sentence, the detainer ensures that he will be transferred to federal custody to serve the remainder of the term of imprisonment to which this Court sentenced him. In order for this to occur, the detainer must remain in place until the time when Defendant's federal sentence will end, which will be in 2020.[1] Therefore, Defendant's motion [Record Document 140] is **DENIED**.

Defendant has also made some very concerning allegations regarding the treatment of prisoners by correctional officers at the Caldwell Correctional Center. As a preliminary matter, Defendant's criminal case is not the correct vehicle in which to allege civil rights violations related to the conditions of confinement; such violations must be alleged in civil cases after administrative remedies have been exhausted. *See United States v. Carmichael*, 343 F.3d 756, 760–61 (5th Cir. 2003). In addition, Defendant lacks standing to seek relief for harms to prisoners other than himself. *See Baker v. Carr*, 369 U.S. 186, 205 (1962) (requiring that a claimant have a "personal stake in the outcome of the controversy"). Finally, the Court notes that a prisoner

---

[1] To the extent that Defendant's calculation relies on an expectation of good-time credits, the Court notes that the determination of whether these are awarded lies with the Bureau of Prisons, not the federal courts. 18 U.S.C. § 3264(b)(1).

in state custody does not have a constitutionally protected liberty interest in being housed in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976).

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 28th day of ____Feb____, 2019.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE