# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUSIAIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 5:10-CR-00168-01 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JOSEPH MATHEW EVANS | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Now before the Court is Defendant's Motion to Clarify Time Computation. [Record Document 142]. For the reasons that follow, the motion is **DENIED**.

Defendant entered federal custody after being arrested on February 28, 2018 for violating the terms of his supervised release. Record Document 125. On May 1, 2018, Defendant was sentenced in state court to two eight-year terms of imprisonment to run concurrently with each other; the state court judge also requested that the state court terms run concurrent with any federal sentence. Record Document 137-1 at 3, 5. Defendant's state offenses constituted the violations of his federal supervised release. Record Documents 136 and 137. On June 26, 2018, this Court sentenced Defendant to a term of imprisonment of two years for those violations. Record Document 138. At sentencing, this Court ordered that Defendant's sentence run concurrent with the two state-court sentences. *Id.* at 2. Because Defendant has been sentenced by both the state of Louisiana and the United States but began his state-court sentence before his federal sentence was imposed, the United States Marshals Service placed a detainer on him. This detainer will expire at the conclusion of Defendant's federal sentence. Record Document 140-1 at 1.

In February of 2019, Defendant moved the Court to lift the federal detainer. Record Document 140. Based on this Court's order that his federal sentence run concurrently to his state

1

sentence, Defendant asserted that his detainer should be lifted in October 2019. *Id.* at 1. The Court denied the motion. Record Document 141. In its ruling, the Court noted that "[t]o the extent that Defendant's calculation relies on an expectation of good-time credits, the Court notes that the determination of whether these are awarded lies with the Bureau of Prisons, not the federal courts. 18 U.S.C. § 3264(b)(1)." *Id.* at 2 n.1.

Defendant now requests that the Court order the Bureau of Prisons ("the BOP") to adjust his sentence to include credit for time served. Record Document 142, p. 2. Defendant complains that the time calculation provided to him by BOP does not include the four months of time--roughly February 2018 to June 2018--that he was in federal custody before he was federally sentenced. *Id.* Defendant also states that the Court's earlier ruling confirmed his calculation that his federal sentence should end, and therefore his federal detainer should be lifted, in October or November of 2019 "given the good time/credit for time served." *Id.* at 1.

To begin, the Court observes that it did not even mention credit for time served in its previous ruling. *See* Record Document 141. Additionally, the Court did not confirm Defendant's calculation of his sentence but instead stated that good-time credits must be awarded by BOP. *Id.* at 2 n.1. The Court also notes that Defendant is currently housed in a state facility rather than a federal facility. The Court has no knowledge of whether Defendant can accrue federal good-time credits while he is housed in a state facility.

As to credit for time served, the Court notes that it intended for Defendant to receive credit for the time he spent in federal custody prior to being sentenced, beginning approximately February 28, 2018. However, the ultimate determination of credit for time served must be made by the BOP. *Unites States v. Wilson*, 503 U.S. 329, 335 (1992) (holding that the Attorney General, through the BOP, has the responsibility of administering the sentence and determining jail-time

credit); *Hampton v. Bureau of Prisons*, 210 F.3d 367, 367 (5th Cir. 2000) (per curiam) ("The Attorney General, through the BOP, determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their sentences."). Therefore, the Court cannot order the BOP to adjust Defendant's sentence to include credit for time served. Accordingly, Defendant's motion [Record Document 142] is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this __7th__ day of January, 2020.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE